UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MUJO SALKIC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:18CV1901 HEA |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the court for judicial review of the final decision of the Commissioner of Social Security denying the application of plaintiff for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq*. and denial of supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381, *et seq*. The Court has reviewed the briefs and the administrative record as a whole, including the transcript and medical evidence. The Court will, therefore, affirm the decision of the Commissioner.

---

[1] The Court takes judicial notice that on June 4, 2019, Andrew M. Saul was confirmed as Commissioner of Social Security. *See* https://www.congress.gov/nomination/116th-congress/94. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted for Nancy A. Berryhill as defendant in this action. No further action needs to be taken to continue this suit by reason of 42 U.S.C. § 405(g) (last sentence).

## PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on July 2, 2015. Plaintiff was initially denied on January 25, 2016, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") on March 9, 2016. A hearing was held before the ALJ on December 11, 2017. Plaintiff and a vocational expert ("VE") testified at the hearing. By decision dated May 31, 2018, the ALJ found Plaintiff not disabled. On September 14, 2018, the Appeals Council denied Plaintiff's request for review. As such, the ALJ's decision stands as the final decision of the Commissioner.

## DECISIONS OF THE ALJ AND THE APPEALS COUNCIL

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 20, 2014, the alleged onset date. The ALJ found Plaintiff has the following severe impairments: coronary artery disease, status post myocardial infarction and stent placement; degenerative spurring of the lumbar spine; persistent depressive disorder; anxiety disorder; post-traumatic stress disorder ("PTSD"); and mild cognitive impairment. However, the ALJ found that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work with the following

limitations. He can occasionally stoop, kneel, crouch, crawl, balance, and climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can never be exposed to extreme heat or extreme cold; is limited to performing simple routine tasks; can interact frequently with supervisors; and can interact occasionally with coworkers and the public. 20 C.F.R. §§ 404.1567(b), 416.967(b).

The ALJ found Plaintiff is capable of performing his past relevant work as a cleaner/housekeeper.

Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

## LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments

which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity ("RFC"). *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must

simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## DISCUSSION

Plaintiff does not dispute most of the findings of the ALJ. In his appeal of the Commissioner's decision, Plaintiff raises two issues. Plaintiff argues that the ALJ erred by posing an improper hypothetical to the vocational expert and by failing to determine Plaintiff's left shoulder pain as a severe impairment For the following reasons, the Court finds that Plaintiff's arguments are without merit and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

**VE Testimony**

Plaintiff argues that the ALJ failed to adequately account for Plaintiff's moderate limitation in concentration, persistence or pace in the hypothetical questions posed to the VE, which limited Plaintiff to performing "simple routine tasks." The Court finds that the ALJ adequately captured the consequences of Plaintiff's credible moderate limitations. *See Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008) (holding that a vocational expert's testimony is substantial evidence when it is based on an accurately phrased hypothetical capturing the concrete consequences of a claimant's limitations); *Howard*, 255 F.3d 577, 582 (8th Cir.

2001) (quoting *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) ("'[W]hile the hypothetical question must set forth all the claimant's impairments, [citation omitted], it need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments.'").

To constitute substantial evidence, a hypothetical must set forth the impairments accepted as true by the ALJ. *See Roberts v. Heckler,* 783 F.2d 110, 112 (8th Cir.1985). In *Newton v. Chater,* 92 F.3d 688, 695 (8th Cir.1996), the Eighth Circuit Court of Appeals ruled that when an ALJ states that a claimant has impairments of concentration, persistence, or pace, the hypothetical must include those impairments. In *Newton,* the ALJ stated on the Psychiatric Review Technique Form that the claimant "often" had deficiencies of concentration, persistence, or pace, but the hypothetical presented to the vocational expert merely limited the claimant's capabilities to simple jobs. *See id.* The hypothetical did not specifically include impairments regarding concentration, persistence, or pace. The Court held that the reference to simple jobs in the hypothetical was not enough to constitute inclusion of such impairments. *See id.*

The ALJ's limitation of Plaintiff to simple tasks that are *simple and routine*, which was included in the question to the VE, adequately accounted for and captured Plaintiff's moderate limitations in concentration and attention. *See Howard*, 255 F.3d at 582 (ALJ's hypothetical concerning someone who is capable

of doing simple, routine tasks adequately captures claimant's deficiencies in concentration, persistence, or pace); *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (hypothetical that included the ability to do only simple routine tasks that do not require close attention to detail or work at more than regular pace is enough to distinguish case from *Newton*); *King v.* Berryhill, 2019 WL 1200334, at *8 (E.D. Mo. March 14, 2019)(limitation to simple, routine tasks); *Henderson*, 2017 WL 747611, at *9 (noting continued vitality of *Howard* and *Brachtel*); *Boyd*, 2016 WL 3257779, at *5 (citing *Howard* and *Brachtel*) ("The Eighth Circuit has found that hypotheticals regarding concentration, persistence, or pace that included the limitations of 'simple routine, repetitive work' and 'simple, repetitive, routine tasks' adequately captured claimants' deficiencies in concentration, persistence, or pace."); *Martin v. Berryhill*, No. 4:16-CV-00978-DGK-SSA, 2017 WL 3704602, at *2 (W.D. Mo. Aug. 28, 2017) (limitation to simple, routine work involving only occasional decision-making, changes, and judgments); *Romero v. Berryhill*, No. 3:15-CV-05126-DGK-SSA, 2017 WL 3448546, at *3 (W.D. Mo. Aug. 11, 2017) (limitation to simple, routine, repetitive work that did not require close attention to detail); *Seitz v. Colvin*, No. 5:15-CV-06151-NKL, 2016 WL 3920463, at *11 (W.D. Mo. July 18, 2016) (limiting claimant to unskilled work in a low-stress job); *Fredrick v. Colvin*, No. 4:15-CV-00487-NKL, 2016 WL 755647, at *6 (W.D. Mo. Feb. 25, 2016) (limitation to simple, routine, and repetitive tasks); *Huffman v.*

*Colvin*, No. 14-0619-CV-W-ODS, 2015 WL 4378219, at *4 (W.D. Mo. July 15, 2015) (limiting the claimant to simple tasks with simple, object-oriented work-related decisions).  As such, the Court finds the ALJ posed a proper hypothetical to the VE, the ALJ properly relied on the VE's testimony that Plaintiff could perform his previous work and the ALJ's finding that Plaintiff is not disabled is based on substantial evidence and is consistent with the Regulations and case law.

**Left Shoulder Pain**

Plaintiff argues that the ALJ erred in failing to find his left should pain a severe impairment. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c).  additionally, a severe impairment must have lasted or must be expected to last for a continuous period of at least twelve months.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509.

In his decision, the ALJ detailed his reasoning for concluding that Plaintiff's adhesive capsulitis of the left shoulder was non-severe: Plaintiff complained of arm pain that was unrelated to physical activity at a consultative examination in December, 2015.  He demonstrated tenderness to palpation of both shoulders, worse on the left side, and mildly reduced range of motion of both shoulders in all planes.  However, He demonstrated full upper extremity strength, and the examining physician diagnosed only "arthralgias" of both arms and shoulders.

There were no further complaints of or treatment for left shoulder symptoms until November, 2016. X-rays of the left shoulder on November 17, 2016 were normal and showed no dislocation, bony erosion, or soft tissue abnormalities.

In April, 2017, Plaintiff was seen by an orthopedist, complaining of left shoulder and arm pain. Plaintiff had a decreased range of motion of the left shoulder in the internal rotation plane. However, the orthopedist diagnosed mild adhesive capsulitis of the left shoulder and administered a cortisone injection to the shoulder. Plaintiff was advised to do range of motion exercises, and prescribed Mobic, a non-steroidal anti-inflammatory drug. Plaintiff did not return to the orthopedist for any further treatment. The record does not show that Plaintiff sought any other treatment from another provider for left shoulder pain after April, 2017.

At a July 11, 2017 primary care visit, Plaintiff reported some left shoulder pain. He stated that the injection had provided symptom relief, and nothing further was prescribed. Plaintiff denied symptoms of joint pain at primary care visits in September and November, 2017. He demonstrated full, painless range of motion of the upper extremities on examination. He likewise exhibited normal, equal extremity strength on examination at urology visits in May and September, 2017. The ALJ's conclusion that Plaintiff's adhesive capsulitis of the left shoulder did

not last for at least 12 consecutive months is supported by substantial evidence in the record.

Moreover, as Defendant correctly argues, the ALJ found at least one severe impairment, and thus proceeded, under the sequential evaluation, to consider all of Plaintiff's impairments in arriving at Plaintiff's RFC. 20 C.F.R. §§ 404.154(a)(2), 416.945(a)(2). Accordingly, the non-severe finding had no impact on the RFC determination or the ALJ's finding that Plaintiff was not disabled.

## CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 18th day of February, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE